IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD GREEN | § | |
| Plaintiff, | § | |
| vs. | § | |
| FCI LENDER SERVICES, INC.; RESIDENTIAL | § | |
| CREDIT OPPORTUNITIES TRUST VII-A, | § | CIVIL ACTION NO. |
| WELLS FARGO BANK N.A. D/B/A WELLS | § | |
| FARGO HOME MORTGAGE; RUSHMORE | § | |
| LOAN MANAGEMENT SERVICES, LLC | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") hereby removes this action from the 236th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division. In support of such removal, Wells Fargo states as follows:

### I.    STATE COURT ACTION

1.     On December 30, 2021, Plaintiff Richard Green ("Plaintiff") filed his Original Petition, Application for Injunctive Relief, and Request for Disclosures (the "Complaint") in the 236th Judicial District Court of Tarrant County, Texas in an action styled *Richard Green v. FCI Lender Services, Inc., et al.*, Case No. 236-331180-21 (the "State Court Action").

2.     The State Court Action concerns Plaintiff's home mortgage loan and the real property located at 5717 Danciger Drive, Fort Worth, Texas 76112 (the "Property"). Plaintiff alleges accounting discrepancies in Plaintiff's home mortgage executed with Wells Fargo Bank, N.A. on November 2, 2007. Specifically, Plaintiff contends that Wells Fargo mis-applied payments, attempted to bill Plaintiff for less than the contracted amount to trigger overcharges

and penalties for Plaintiff. Plaintiff also contends Rushmore Loan Management Services, LLC

and FCI Lender Services, Inc., both subsequent servicers of the loan, incorrectly claimed Plaintiff

defaulted on the loan, improperly forced-placed insurance on the property at issue, and wrongfully

noticed a trustee sale. (Complaint at ¶¶ 18-22, 27-29, 32-33.) In connection with these allegations,

Plaintiff asserts causes of action for breach of contract, violation of the Texas Debt Collection

Practices Act, breach of duty of cooperation, and negligent misrepresentation. (Complaint at

¶¶35-52).

     3.     With this Notice of Removal, Wells Fargo timely removes the State Court Action

to this Court on the basis of diversity jurisdiction as more fully described below.

## II.    PROCEDURAL REQUIREMENTS

     4.     This action is properly removed to this Court, as the State Court Action is pending

within this district and division.  28 U.S.C. § 1441.

     5.     Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1,

this Notice of Removal is accompanied by copies of the following materials:

| EXHIBIT | DOCUMENT | DATE |
|---|---|---|
| A | Index | |
| A-1 | Docket Sheet from State Court Action | |
| A-2 | Plaintiff's Original Petition Application for Injunctive Relief, and Request for Disclosures, with exhibits | 12/30/2021 |
| A-3 | Civil Case Information Sheets | 12/30/2021 |
| A-4 | Temporary Restraining Order and Return Hearing | 1/3/2022 |
| A-5 | Amended Temporary Restraining Order and Return Hearing | 1/4/2022 |
| A-6 | Residential Credit Opportunities Trust VII-A's Answer | 1/4/2022 |
| A-7 | Notice of Hearing | 1/10/2022 |

B          Civil Cover Sheet and Supplemental Cover Sheet

C          Certificate of Interested Persons

D          Tarrant County Central Appraisal District Account
           Detail

6.      Simultaneously with the filing of this Notice of Removal, Defendant is filing a copy
of the Notice of Removal in the 236th Judicial District Court of Tarrant County, Texas pursuant
to 28 U.S.C. § 1446(d).

## III.      THIS COURT HAS DIVERSITY JURISDICTION

7.      Where there is complete diversity among the parties and the amount in controversy
exceeds $75,000, an action may be removed to federal court.  28 U.S.C. §§ 1332(a) and 1441(a).
Complete diversity exists in this case because no properly joined defendant is a citizen of Texas
or of the same state as Plaintiff.  As set forth below, the amount in controversy requirement is
also satisfied.

## A.      Diversity of Citizenship

8.      For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of
the state where that person is domiciled, that is, where the person has a fixed residence with the
intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3
(N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-
56 (5th Cir. 1985)).  Plaintiff is a natural person and has claimed Tarrant County, Texas as his
residence and domicile.  (*See* Complaint at ¶ 2.)  Accordingly, Plaintiff is a citizen of Texas for
diversity purposes.

9.      Wells Fargo is a national banking association. Accordingly, its citizenship is
determined solely by the location of its main office, as designated in its articles of association.

3

*See* 28 U.S.C. § 1348; *Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 313, 126 S. Ct. 941, 948 (2006).  Wells Fargo's main office is located in South Dakota.  Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.

10.     FCI Lender Services, Inc. ("FCI") is a corporation providing mortgage loan servicing incorporated in California and with its principal place of business in California.  A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).  Accordingly, FCI is a citizen of California for diversity purposes.

11.     Residential Credit Opportunities Trust VII-A ("RCO Trust") is a statutory trust with Wilmington Savings Fund Society, FSB ("Wilmington") as its Owner Trustee. Because Wilmington possesses "customary powers to hold, manage, and dispose of assets" with regard to the RCO Trust, it is the real party of interest in this suit. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for the purposes of diversity jurisdiction. *Id.* at 464-466; *Justice v. Wells Fargo Bank, N.A.*, 674 F. App'x 330, 334 (5th Cir. 2016) (holding that the citizenship of the trustee of a loan trust controlled because the trustee held "real and substantial" control over assets held in its name). That is, when the trustee has control of the assets for the benefit of another and has the power to sue or be sued in its own name, the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 383, 136 S. Ct. 1012, 1016 (2016). Accordingly, Wilmington's citizenship controls for diversity purposes. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458,

461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)).

Wilmington is a federally chartered savings association with its main office in Wilmington,

Delaware. *See* 12 U.S.C. §1464(x). Therefore, for diversity purposes, Wilmington is a citizen of

Delaware.

12.     Rushmore Loan Management Services, LLC ("Rushmore") is a loan servicing

corporation incorporated in California and with its principal place of business in California.

Accordingly, Rushmore is a citizen of California for diversity purposes. *See* 28 U.S.C.

§ 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

13.     Because Plaintiff is a citizen of Texas, Wells Fargo is a citizen of South Dakota,

FCI and Rushmore are citizens of California, and RCO Trust is a citizen of Delaware, there is

complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.     Amount in Controversy**

14.     Where a defendant can show, by a preponderance of the evidence, that the amount

in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White

v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A defendant can meet this burden if it

is apparent from the face of the petition that the claims are likely to exceed $75,000, or,

alternatively, if the defendant introduces other evidence to show that the amount in controversy

more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253

(5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D.

Tex. Aug. 27, 2009).

15.     From a review of the Complaint, it is apparent that the amount at issue more likely

than not exceeds $75,000. In the State Court Action, Plaintiff seeks injunctive relief to preclude

his eviction from the Property and bar foreclosure of the Property. *See* Complaint at ¶ 61-66. "In

actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, L.L.C.,* 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In other words, "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Farkas*, 737 F.3d at 341 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). "'When . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08- 60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *Alsobrook v. GMAC Mortg., L.L.C., et al.*, 541 Fed. Appx. 340, 342 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, 485 Fed. App'x 8, 9 (5th Cir. 2012). Indeed, where a plaintiff files suit specifically seeking to rescind or set aside a foreclosure sale or to enjoin foreclosure of real property, the amount in controversy is the value of the property itself because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Berry*, 2009 WL 2868224 at *3; *see also Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911-12 (5th Cir. 2002); *Griffin v. HSBC Bank USA*, 3:10-CV-728-L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (holding that where plaintiff seeks determination as to rightful titleholder of property, value of the property is to be used in determining amount in controversy).

16.     The object of the relief Plaintiff seeks in the State Court Action is the Property. Accordingly, the fair market value of the Property is an appropriate measure of the value of the relief sought. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an

appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *see also Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1047 (W.D. Tex. 2010); *Waller*, 296 F.2d at 547-548. The Property is currently valued at $111,714, which clearly satisfies the amount in controversy requirement. *See* Exhibit D. [1]

17.     Based on the foregoing, it is apparent from the face of Plaintiff's Complaint that the value of the relief sought exceeds the $75,000 jurisdictional minimum.

18.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removal is proper.

## IV.     CONCLUSION

WHEREFORE, Wells Fargo removes this action from the 236 Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo respectfully requests that the Court take judicial notice of the Tarrant County Central Appraisal District Account Detail establishing the current market value of the Property.  Wells Fargo refers the Court to the Tarrant County Central Appraisal District Account Detail's valuation of the Property for the sole purpose of establishing that the amount in controversy exceeds the requisite $75,000.00, but does not admit that such value—which is determined for tax purposes only—is actually the fair market value.

Dated: January 17, 2022                    Respectfully submitted,

_/s/ Matthew H. Davis_

**Matthew H. Davis**
  State Bar No. 24069580
  mdavis@lockelord.com
**Katherine S. Wright**
  State Bar No. 24095732
  Katie.wright@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK N.A.**

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2022 a true and correct copy of the foregoing document was served on the following via ECF, pursuant to the Federal Rules of Civil Procedure:

>Lisbeth (Beth) Findsen
>Law Office of Beth K Findsen, PLLC
>8245 N. 85th Way
>Scottsdale, AZ 85258
>
>*Attorney for Plaintiff Richard Green*
>
>Jared T.S. Pace
>Condon Tobin Sladek Thornton
>Nerenberg PLLC
>8080 Park Lane
>Suite 700
>Dallas, Texas 75231
>
>*Attorney for FCI Lender Services, Inc.*
>*and Residential Credit Opportunities*
>*Trust VII-A*

*/s/ Matthew H. Davis*
Counsel for Defendant Wells Fargo Bank N.A.